**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3304-18T4

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

TERRANCE W. GRANT, a/k/a
TERENCE W. GRANT, and
TERRENCE W. GRANT,

    Defendant-Appellant.

_____

Submitted March 30, 2020 – Decided July 24, 2020

Before Judges Fasciale and Mitterhoff.

On appeal from the Superior Court of New Jersey, Law Division, Hudson County, Indictment No. 15-05-0692.

Joseph E. Krakora, Public Defender, attorney for appellant (Monique D. Moyse, Designated Counsel, on the brief).

Esther Suarez, Hudson County Prosecutor, attorney for respondent (Lillian M. Kayed, Assistant Prosecutor, on the brief).

PER CURIAM

Defendant Terrance W. Grant appeals from a January 10, 2019 order denying his petition for post-conviction relief (PCR) without an evidentiary hearing. We affirm.

We glean the following facts from the record. In January 2015, police arrested defendant for the murder of Jose Rodriguez. On May 12, 2015, a Hudson County Grand Jury indicted defendant on one count of murder in the first degree, N.J.S.A. 2C:11-3(a)(1) and N.J.S.A. 2C:11-3(a)(2) (count one).

On March 10, 2016, defendant pled guilty to count one of his indictment, murder in the first degree. On defendant's plea form, below the statutory maximum for defendant's offense, "[thirty] years" was written, and defendant initialed the bottom of that page. Additionally, on the third page, in response to the question "[d]id you enter a plea of guilty to any charges that require a mandatory period of parole ineligibility or a mandatory extended term?" the word "Yes" was circled, and the period of parole ineligibility was listed as thirty years. On the bottom of that page, where the recommended sentence from the prosecutor was to be filled in, the form answer was "thirty . . . years [in New Jersey] state prison with thirty . . . years['] parole ineligibility." Defendant had also initialed the bottom of this page.

On March 10, 2016, defendant appeared before Judge Sheila Ann Venable to enter his guilty plea. At the hearing, the State's attorney advised the judge that "[i]n exchange for his plea of guilt, the State will seek [thirty] years [in] New Jersey State Prison. There is no parole eligibility subject to this plea." Defendant's trial counsel responded, "Your Honor, that is my understanding and my client's understanding as well." Before defendant was sworn, the judge asked him whether he understood "that should [he] plead guilty to the charge of murder, the plea agreement is a [thirty-year] period of incarceration, [thirty] years['] parole ineligibility?" Defendant responded, "Yes."

After defendant was sworn and pled guilty to murder in the first degree, the judge asked him "[d]id you go over the plea form with your attorney line by line?", and defendant responded under oath, "Yes." Defendant also answered "Yes" under oath when the judge asked "[d]id [your attorney] answer all of your questions?"; "[d]id he go over the facts and discovery of the case with you?"; and "[a]re you satisfied with his service?" When asked by the judge "[a]re you under the influence of any alcohol, medication or drugs that may impair your decision here today?", defendant responded under oath, "No." Finally, when the judge later asked "[d]o you have any questions you

would like to ask this [c]ourt or your attorney before the [c]ourt concludes this matter?" defendant responded under oath, "No."

At defendant's sentencing hearing, with defendant in the courtroom, his attorney addressed the judge and stated "[t]he [c]ourt can give no more than [thirty] years, nor no less, and [defendant] understands that. But having said that, [j]udge, I'd respectfully request that the [c]ourt follow and abide by the agreed sentencing recommendation here of [thirty] years [in] New Jersey State Prison." Thereafter, the prosecutor spoke, and requested that the judge "sentence . . . defendant to [thirty] years['] New Jersey State Prison subject to the No Early Release Act[1] with [thirty] years of parole ineligibility." Defendant raised no objection to either mention of a thirty-year sentence. Consistent with the terms of defendant's plea agreement, Judge Venable sentenced him to thirty years' prison time, with no possibility for parole.

On June 4, 2018, defendant, acting pro se, filed a petition for PCR based on ineffective assistance of counsel. Defendant was assigned counsel to represent him and filed a certification and letter brief in November 2018 in support of his PCR application. Defendant asserted that at the time of his guilty plea, he was on three separate psychotropic medications, and was unable

---

[1]  See N.J.S.A. 2C:43-7.2.

to understand the nature of his plea. Defendant contended that his trial counsel was aware both that defendant was on medication and that he was unable to understand the plea. Defendant also argued that prior to his sentencing, his trial attorney had misrepresented to him that he would only serve twelve years in prison. Finally, defendant claimed that he had asked his trial counsel for discovery pertaining to his indictment, which his attorney never produced.

On January 10, 2019, Judge Venable found that defendant failed to raise a prima facie case of ineffective assistance of counsel, and entered an order denying his petition without an evidentiary hearing. The judge found that defendant's claim that his trial counsel failed to provide him with discovery was a bald assertion, as defendant failed to specify the discovery sought, or how it would have impacted his decision to plead guilty. The judge also found that this claim was belied by defendant's response at the plea hearing that his attorney had gone over discovery and the facts of the case with him.

Further, the judge found that defendant's assertion that his trial counsel misrepresented the amount of prison time that he would need to serve was belied by the record. Namely, the judge determined that the prosecutor had advised defendant of the length of his sentence on several occasions in court, and defendant had an opportunity to address any confusion with his trial

A-3304-18T4

counsel. The judge also stressed that defendant himself had represented at his plea hearing that his trial counsel had answered all his questions, and defendant had no further questions before the judge concluded the hearing. The judge also found it incredible that a defendant convicted of first-degree murder would have been advised that they would receive a twelve-year prison sentence.

Finally, the judge found that defendant's claim that he was under the influence of psychotropic medications and was unable to understand his plea was baseless. She determined that his attorney had made no suggestion that defendant required a competency hearing, and defendant had stated under oath at the plea hearing that he was not under any medications that could impair his decision-making. The judge thus determined defendant's arguments did not defeat the presumption that his trial counsel had acted reasonably and had properly exercised his professional judgment.

The judge also concluded that even if defendant's trial counsel had rendered ineffective assistance of counsel, there was no indication that such performance had actually prejudiced defendant. The judge found that it was unclear whether defendant would have proceeded to trial absent the alleged deficiencies of his trial counsel, that it was also unclear whether defendant

6

would have received a more favorable result at trial, and that his sentence after a trial could have been much stiffer. Thus, Judge Venable concluded that defendant had not shown that he had been prejudiced. Consequently, on January 10, 2019, she entered an order denying defendant's application for PCR. This appeal ensued.

On appeal, defendant raises the following argument:

> POINT ONE: [DEFENDANT] IS ENTITLED TO AN EVIDENTIARY HEARING ON HIS CLAIM THAT HIS ATTORNEY RENDERED INEFFECTIVE ASSISTANCE OF COUNSEL FOR FAILING TO COMMUNICATE, REVIEW DISCOVERY, TAKE INTO ACCOUNT HIS USE OF PSYCHOTROPIC MEDICATIONS, PROVIDE PROPER SENTENCING ADVICE, AND FILE A NOTICE OF APPEAL.

We conclude that defendant's arguments lack sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(2). We affirm substantially for the reasons set forth by Judge Venable in her well-reasoned decision. We add the following brief remarks.

A defendant is entitled to an evidentiary hearing only when he "has presented a prima facie [case] in support of [PCR]," meaning that a defendant must demonstrate "a reasonable likelihood that his . . . claim will ultimately succeed on the merits." State v. Marshall, 148 N.J. 89, 158 (1997) (first alteration in original) (quoting State v. Preciose, 129 N.J. 451, 462-63 (1992)).

To obtain relief based on ineffective assistance grounds, a defendant must demonstrate not only that counsel's performance was deficient, but also that the deficiency prejudiced his right to a fair trial. <u>Strickland v. Washington</u>, 466 U.S. 668, 687 (1984); <u>State v. Fritz</u>, 105 N.J. 42, 58 (1987) (adopting the <u>Strickland</u> two-part test in New Jersey, now known as the <u>Strickland/Fritz</u> test).

As the trial judge found, defendant failed to meet this standard warranting an evidentiary hearing. He has not established a prima facie case of ineffectiveness of counsel, but instead makes unsupported bald assertions that are directly contradicted and belied by his testimony at his plea hearing; by his executed plea form; and by the comments of counsel at defendant's plea and sentencing hearings.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION